716 S.E.2d 484

**Sebastian Cortez HERNANDEZ, s/k/a Sebastian Cortes–Hernandez, Appellant,**

v.

**COMMONWEALTH of Virginia, Appellee.**

**Record No. 0458–10–4.**

Court of Appeals of Virginia.

Oct. 25, 2011.

Christopher D. Feldmann (Irving & Irving, P.C., Manassas, on briefs), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T. Cuccinelli, II, Attorney General; Richard B. Smith, Special Assistant Attorney General, on brief), for appellee.

---

Before FELTON, C.J., and ELDER, FRANK, HUMPHREYS, KELSEY, HALEY, PETTY, BEALES and HUFF, JJ.

## Upon a Rehearing En Banc

By opinion dated April 5, 2011, a panel of this Court affirmed the judgment of the trial court. *See Cortez–Hernandez v. Commonwealth*, 58 Va.App. 66, 706 S.E.2d 893 (2011). We, thereafter, granted appellant's petition for rehearing *en banc*, stayed the mandate of the panel decision, and reinstated the appeal on the docket of this Court.

Upon such rehearing *en banc*, the stay of this Court's April 5, 2011 mandate is lifted, and the judgment of the trial court is affirmed for the reasons stated in the panel's majority opinion.[1]

---

1. In his petition for appeal, Cortez–Hernandez asserted that the trial court abused its discretion when it denied him the opportunity for re-cross-examination of a Commonwealth's witness concerning matters brought out for the first time on re-direct examination of the witness by the prosecutor. The panel majority, although assuming without deciding that the trial court had erred, did not further reach the merits of Cortez–Hernandez's assignment of error, finding that Cortez–Hernandez's failure to proffer the questions he would have asked prevented this Court from determining whether any error was harmless. However, in his petition for rehearing *en banc*, Cortez–Hernandez improperly recast his assignments of error. We do not address Cortez–Hernandez's modified assignments of error presented in his petition for rehearing *en banc*, inasmuch as counsel may not substantively alter his assignments of error *en banc* from those originally granted for appeal without leave of Court. *See* Rule 5A:12(c) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."); *see also Dowdy v. Commonwealth*, 278 Va. 577, 590 n. 14, 686 S.E.2d 710, 717 n. 14 (2009) (It is improper for an appellant to substantively alter an assignment of error from that stated in his petition for appeal.).

We also note Cortez–Hernandez has abandoned his assertion that the trial court erred in refusing to grant his proposed jury instruction on voluntary manslaughter, only asserting in his petition for rehearing *en banc* that the panel opinion "misconstrued the factual record in determining that the trial court properly refused an excusable self-defense instruction." His assignment of error that the trial court erred in refusing to give a voluntary manslaughter instruction is, thus, not reviewable by this Court *en banc* and the trial court's decision to refuse a voluntary manslaughter instruction remains undisturbed for the reasons stated in the panel opinion. *See Ferguson v. Commonwealth*, 51 Va.App. 427, 433, 658 S.E.2d 692, 695 (2008) ("The grant of *en banc*

Chief Judge Felton, Judges Frank, Humphreys, Kelsey, Petty, and Huff voted to affirm the judgment of the trial court in accordance with the majority opinion of the panel.

Judges Elder, Haley, and Beales voted to reverse the judgment of the trial court for the reasons stated in the panel's concurrence/dissent.

It is ordered that the trial court allow counsel for the appellant an additional fee of $200 for services rendered the appellant on the rehearing portion of this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses. This amount shall be added to the costs due the Commonwealth in the April 5, 2011 mandate.

This order shall be published and certified to the trial court.

<hr>

review vacates the prior panel opinion *in toto*," rendering the former judgment a nullity and "void[s] the decision of the panel as to the issues before this Court *en banc*."). We are, thus, limited to the assignments of error originally granted for appeal that were also presented in Cortez–Hernandez's petition for rehearing *en banc*. *Id.* The issue of whether the trial court erred in refusing a jury instruction on voluntary manslaughter is, therefore, not before us, and we therefore reinstate the holding and judgment of the panel opinion on that particular issue as well. *Id.*